IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2333-GPG

JESSE LEE RAMIREZ,

    Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,
LAKEWOOD POLICE OFFICER JOHNNY JOHN DOE, and
LAKEWOOD POLICE OFFICER AMY JOHN DOE,

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

    Plaintiff, Jesse Lee Ramirez, a *pro se* prisoner litigant, has submitted a Prisoner Complaint (ECF No. 9) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 claiming that his post-arrest search was conducted in an unconstitutional manner. First, he asserts a claim that his post-arrest search violated his Fourth Amendment right to be free from unreasonable searches and seizures. Second, he asserts a claim for cruel and unusual punishment based on the police officers' conduct during his arrest and search. Finally, he asserts that his post-arrest search deprived him of his liberty and due process of law. Plaintiff has been granted leave to proceed *in forma pauperis*.

    The Court must construe Plaintiff's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an amended prisoner complaint.

The Complaint is deficient to the extent Plaintiff sues Defendant Lakewood Police Department. The Lakewood Police Department is not an entity separate from the City of Lakewood, and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Plaintiff's claims against Defendant Lakewood Police Department are construed as claims against the City of Lakewood. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Moreover, a local government entity, such as the City of Lakewood, is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a municipality, like the City of Lakewood, liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In his second claim, Plaintiff alleges a claim for cruel and unusual punishment in violation of the Eighth Amendment based on the manner of the police officers' alleged search of Plaintiff during his arrest. Plaintiff's allegations fail to state a claim under the Eighth Amendment as that Amendment applies only to convicted prisoners. *See Graham v. Connor,* 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most

properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person"); *Hudson v. McMillian,* 503 U.S. 1, 6 (1992) (applying the Eighth Amendment's "malicious and sadistic use of force standard" in analyzing a sentenced inmate's excessive force claim); *Whitley v. Albers,* 475 U.S. 312, 318-22 (1986) (the Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners . . . where the deliberate use of force is challenged as excessive and unjustified."); *United States v. Lovett,* 328 U.S. 303, 317-18 (1946) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilty in accordance with due process of law.").

Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court may dismiss some of the claims and defendants in this action without further notice.

DATED December 24, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge